UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MICHAEL GUZMAN,

                                   Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE PUMA, DETECTIVE JOHN DOE,

                                   Defendants.

------------------------------------------------------------x

JUDGE OETKEN

12 CV 6165

COMPLAINT AND
JURY DEMAND

Docket No.

ECF CASE

Plaintiff Michael Guzman by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a May 17, 2011 incident in which Mr. Guzman was falsely arrested and falsely imprisoned for approximately 5 hours at the Midtown South precinct before being released.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Detective Puma was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Puma was involved in the decision to arrest plaintiff without probable cause or failed to intervene in

the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Puma was under the command of the Midtown South precinct on the date of the incident. On information and belief, at all times relevant hereto, Defendant Puma was under the command of the Midtown South precinct and is sued in his individual capacity.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On May 16, 2011, at approximately 2:00 p.m. at Mid-town South precinct in New York, NY, plaintiff came to the precinct after Detective Puma called him several times with threats that he would issue a warrant to come get him if he did not come to the precinct regarding a missing wallet from an "Friends of the Island Academy" staff member. At the time, plaintiff voluntarily participated in activities at that center. On that day, he was told that Detective Puma was busy and that he had to come back the next day, or else he would issue a warrant to come and get him.

14. On May 17, 2011, at approximately 5:00 p.m., plaintiff returned to the Mid-town South precinct.

15. Plaintiff was forced to make last minute babysitting arrangements for his daughter, including a plan for her care in the event that he was arrested, which cost him more than $400.00.

16. At the precinct, plaintiff was forced to remove his property, including his shoe laces, and was told that he was under arrest. He was then placed in a holding cell at the Midtown South precinct.

17. Approximately 4 ½ hours later, Detective Puma told plaintiff he would be released, but that he had to remain in New York City, in case he wanted to talk to him again.

18. Plaintiff was released at approximately 9:30 p.m.

19. Plaintiff asked the detectives for their name and badge numbers and they refused to identify themselves.

20. Detective Puma never charged Mr. Guzman with any crime or violation.

21. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

23. As a direct and proximate result of the acts of defendants, plaintiff suffered the

following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b.    Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.    Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

    e.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    f.    Loss of liberty.

FIRST CAUSE OF ACTION
42 U.S.C. § 1983
False Arrest and False Imprisonment
(Against Officer Defendants)

24.    The above paragraphs are here incorporated by reference.

25.    The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

26.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

27.    At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

28. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

29. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

30. All of this occurred without any illegal conduct by plaintiff.

31. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

32. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
New York State Constitution Article I §12
False Arrest and False Imprisonment
(Against All Defendants)

33. The above paragraphs are here incorporated by reference.

34. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

35. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

36. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

37. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

38. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

39. All of this occurred without any illegal conduct by plaintiff.

40. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards plaintiff.

42. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the Constitution of the State of New York.

43. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment
(Against All Defendants)

44. The above paragraphs are here incorporated by reference.

45. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

46. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

47. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

48. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

8

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Tuesday, August 07, 2012
         Brooklyn, New York

TO:
   City of New York
   100 Church Street
   New York, NY  10007

Respectfully yours,

*[signature]*

By: Cynthia Conti-Cook
Bar# CC0778
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Ave 3rd floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
cconti-cook@stollglickman.com